UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDYANN RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>Defendants. | Case No. 16-cv-02592-TEH<br><br>**ORDER GRANTING MOTION TO REMAND; DENYING REQUESTS FOR ATTORNEYS' FEES AND SANCTIONS.** |

Before the Court is Plaintiff's Motion for Remand Plus Request for Costs. Docket No. 8. Having carefully considered the parties' written arguments, the Court finds this matter suitable for resolution without oral argument. *See* Civil L.R. 7-1(b). For the reasons set forth below, the Court hereby GRANTS Plaintiff's motion to remand the case to state court, but DENIES Plaintiff's requests for attorneys' fees and sanctions.

**BACKGROUND**

Plaintiff Judyann Rodriguez ("Plaintiff") worked for Defendant Wells Fargo Bank, N.A. ("Wells Fargo") at its Emeryville branch from 2012 to her termination in 2014. Complaint, Ex. A to Removal Notice ("Compl.") ¶¶ 11, 17, 45 (Docket No. 1-1). Plaintiff alleges, *inter alia*, that Wells Fargo was harassing, abusive, and retaliatory toward Plaintiff because she reported illegal and unethical business practices to the Wells Fargo ethics hotline, and because she was pregnant. Compl. ¶¶ 2, 3. Plaintiff also alleges that she was wrongfully terminated. *Id*. ¶ 5.

The instant motion focuses solely on the Eleventh Cause of Action – the only claim asserted against Defendant Betty Nguyen – which alleges harassment in violation of the Fair Employment and Housing Act ("FEHA"). *See id*. ¶¶ 124-127. Plaintiff alleges that Defendant Nguyen, who was the Emeryville Branch Manager and one of Plaintiff's supervisors, "repeatedly ignored or denied Plaintiff's request for time off related to her

pregnancy," including doctors' appointments. *Id.* ¶ 34. Plaintiff also alleges that she was repeatedly denied "legally mandated meal and rest breaks," beginning at same time she discovered she was pregnant. *Id.* ¶ 35. Finally, Plaintiff alleges that Defendant Nguyen "became rude and hostile towards Plaintiff because of Plaintiff's continuing plea for pregnancy accommodations." *Id.* ¶ 36.

Plaintiff filed this action in Alameda County Superior Court against Wells Fargo,[1] Betty Nguyen, and Doe Defendants 1-20 on February 25, 2016. *See id.* at 1. Defendants removed the case to this Court on May 13, 2016. Docket No. 1. Plaintiff filed the instant motion to remand on June 10, 2016. Defendants opposed (Docket No. 20), and Plaintiff replied (Docket No. 21).[2]

**LEGAL STANDARD**

28 U.S.C. § 1332(a) provides for federal court jurisdiction based on diversity of citizenship. "Although an action may be removed to federal court only where there is complete diversity of citizenship, . . . one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quoting *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (internal citations and quotation marks omitted). Fraudulent joinder is a "term of art." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). The joinder of a non-diverse defendant is deemed fraudulent

---

[1] Defendants contend – and the Court agrees – that the proper Wells Fargo defendant is Wells Fargo Bank, N.A., as opposed to its parent company Wells Fargo & Co., which Plaintiff named in her state court complaint. *See* Removal Notice at 4; *see also Vasquez v. Wells Fargo Bank, N.A.*, 77 F. Supp. 3d 911, 923 (N.D. Cal. 2015) (former Wells Fargo employee did not have a claim against Wells Fargo & Co. because it was merely a holding company; proper defendant was Wells Fargo Bank, N.A.). In the absence of factual allegations or argument otherwise, the Court finds that the proper Wells Fargo defendant is Wells Fargo Bank, N.A., a citizen of South Dakota. *See Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 711 (9th Cir. 2014).
[2] The timing of the opposition and reply briefs is addressed *infra*, in Section III of the Discussion section. For reasons discussed in Section III, the Court hereby GRANTS Plaintiff's ex parte application for consideration of Plaintiff's untimely reply, and will also consider Defendants' untimely opposition.

2

1  "if the plaintiff fails to state a cause of action against a resident defendant, and the failure
2  is obvious according to the settled rules of the state." *Morris*, 236 F.3d at 1067 (internal
3  marks and citation omitted). In such cases, a court may ignore the presence of the non-
4  diverse defendant for purposes of determining diversity. *Id.*

"The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Hunter*, 582 F.3d at 1044 (internal marks and citations omitted). This "strong presumption against removal jurisdiction means that . . . the court resolves all ambiguity in favor of remand to state court." *Id.* at 1042 (internal quotation marks and citation omitted). "[I]f there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007), *quoted in Hunter*, 582 F.3d at 1044.

Ordinarily, courts do not consider defenses on the merits of a claim in determining whether joinder was fraudulent. *Hunter*, 582 F.3d at 1045; *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1319 (9th Cir. 1998). " '[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant . . . the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden.' " *Hunter*, 582 F.3d at 1044 (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004) (en banc)).

## DISCUSSION

### I.   Defendants Fail to Demonstrate that There Is No Possibility of Liability Against Defendant Nguyen Under FEHA

The Eleventh Cause of Action is a FEHA harassment claim; therefore it is properly pleaded against an individual defendant. *See* Cal. Gov't Code § 12940(j)(3) ("An employee of an entity subject to this subdivision is personally liable for any harassment

3

prohibited by this section that is perpetrated by the employee . . . ."). To establish harassment under the FEHA, a plaintiff must show that he is a member of a protected group, was subjected to harassment because he belonged to this group, and that the alleged harassment was so severe it created a hostile work environment. *Aguilar v. Avis Rent A Car Sys., Inc.*, 21 Cal. 4th 121, 130 (1999).

Defendant Nguyen is the single non-diverse defendant in this case. Defendants removed the case to federal court, arguing that Defendant Nguyen's joinder was fraudulent. *See* Notice of Removal ¶¶ 9-11. Whether the inclusion of Defendant Nguyen in Plaintiff's state court complaint constituted fraudulent joinder turns upon whether Plaintiff has failed to state a claim against Defendant Nguyen, and whether that failure is obvious under settled state law. *See McCabe*, 811 F.2d at 1339. Defendants argue that Plaintiff's Eleventh Cause of Action for harassment in violation of FEHA fails as a matter of law because no harassment claim against an individual can arise from a supervisor's official employment actions under California law.

The Court finds Defendants' argument unavailing under the standard governing the fraudulent joinder inquiry. As an initial matter, Plaintiff does allege, as quoted above, that Defendant Nguyen became "rude and hostile" towards Plaintiff. Viewing these allegations in a light most favorable to Plaintiff, the Court could reasonably infer that such rudeness and hostility contributed to a hostile work environment separately from Defendant Nguyen's other alleged actions.[3] However, Defendants also argue in their removal papers and in opposition to Plaintiff's motion for remand that the Court should not consider Plaintiff's allegations that Defendant Nguyen denied Plaintiff meal and rest breaks, time off, and other accommodations, because such allegations are solely "personnel

---

[3] In Plaintiff's moving papers, Plaintiff also refers to a time when Defendant Nguyen "began accusing Plaintiff of planning to quit her job while she was out on maternity leave which was perceived as a veiled threat." Mot. at 12. Such allegation would further buttress Plaintiff's depiction of a hostile work environment; however, the Court will not consider this allegation because it does not appear in Plaintiff's state court complaint.

management activity," and are not proper evidence for a FEHA harassment claim. *See* Removal Notice ¶ 10; Opp'n at 3-4.

The Court is unconvinced by Defendants' argument that *Reno v. Baird* stands in part for the proposition that evidence of personnel management activity is proper for a FEHA discrimination claim (which is not properly alleged against an individual) but not a FEHA harassment claim. 18 Cal. 4th 640, 645-46 (1998) (harassment "is not a type of conduct necessary to personnel management" whereas discrimination "arise[s] out of the performance of necessary personnel management duties") (citation omitted). The Court notes that in *Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009), the California Supreme Court addressed whether personnel management activity may be relied upon as evidence of harassment under FEHA, thus clarifying its discussion of the distinction between FEHA harassment and discrimination claims in *Reno*. The Court held that "acts of discrimination can provide evidentiary support for a harassment claim." *Roby*, 47 Cal. 4th at 709.

Thus, personnel management activities or "official employment actions done in furtherance of a supervisor's managerial role" should not be separated out in a harassment claim, because those actions "can also have a secondary effect of communicating a hostile message." *Id*. To hold otherwise would mean that a supervisor could avoid personal liability merely by using "official actions as [the] means of conveying [an] offensive message," even when communication of the message would otherwise constitute harassment. *Id.* at 708 (discussing *Miller v. Dep't of Corrs.*, 36 Cal. 4th 446 (2005)).

Mindful of Defendants' heavy burden and resolving all ambiguity in favor of remand, the Court is unable to find that there is no possibility that a state court would impose liability under these circumstances because the "personnel management" allegations may well serve as evidence of harassment. *See Hunter*, 582 F.3d at 1042, 1044. The Court further notes that the fraudulent joinder inquiry is properly a summary inquiry. *Ritchey*, 139 F.3d at 1319; *Hunter*, 582 F.3d at 1045. Defendants' argument that the facts pertaining to Defendant Nguyen should not be considered for a FEHA harassment claim invites the Court to consider whether certain evidence may communicate a hostile

5

message, or whether it merely constitutes a necessary personnel decision. Such an inquiry is no longer summary, and instead reaches the merits of Plaintiff's claims. This further indicates that Defendants' argument is one "for the state court to decide." *Caoette v. Bristol-Myers Squibb Co.*, No. 12-CV-1814-EMC, 2012 WL 3283858, at *4 (N.D. Cal. Aug. 10, 2012). For these reasons, the Court finds that Defendants have failed to overcome "the strong presumption against removal jurisdiction and the general presumption against fraudulent joinder." *Hunter*, 582 F.3d at 1046 (internal quotation marks and citation omitted). Therefore, the case must be remanded.

## II. The Court Declines to Award Attorneys' Fees

Plaintiff requests that the Court grant an award of costs including attorneys' fees pursuant to 28 U.S.C. § 1447(c). Mot. at 16. While attorneys' fees awards are not automatic upon remand, the Court has discretion to award costs in some situations. Here, the Court does not find that Defendants' misinterpretation of *Reno* and its progeny rises to the level of "unusual circumstances" or "lack[ing] an objectively reasonable basis for seeking removal," as suggested by Plaintiff. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Thus, recognizing the dueling interests at stake in awarding fees under 28 U.S.C. § 1447(c), the Court exercises its discretion to decline imposition of such an award. *See id*. at 140 (courts should "recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter").

## III. The Court Declines to Impose Sanctions

Plaintiff further requests that the Court impose sanctions under Civil Local Rule 1-4, based on Defendants' untimely filing of its opposition. Reply at 6. Plaintiff's motion to remand was filed on June 10, 2016; thus, the opposition was due June 24, 2016, and the reply was due July 1, 2016. Docket No. 8. The action was reassigned twice; with the most

recent reassignment to this Court. Docket Nos. 13, 17. The clerk's notice reassigning the action to this Court stated that "[a]ll pending motions will be taken off-calendar and must be re-noticed by the moving party for a new hearing date," and that "[t]he due date for any opposition or reply papers not yet filed shall be calculated in accordance with Civil Local Rule 7-3." Plaintiff re-noticed her motion on June 29, 2016. Docket No. 19. Defendants filed their opposition on July 5, 2016, Docket No. 20, and Plaintiff filed her reply, along with an ex parte application explaining to the Court why her reply was untimely, on July 12, 2016. Docket Nos. 21, 22.

Defendants mistakenly interpreted the clerk's notice as communicating that the deadlines for opposition and reply papers would be changed in accordance with the date of the re-noticed motion. The fact that Defendants cite to the docket number of a declaration that was mistakenly noticed as a motion, Docket No. 9, further underscores Defendants' confusion. *See* Opp'n at 5. While Defendants were incorrect in assuming that the deadlines for the opposition and reply briefs would change upon reassignment, the Court sees no bad faith or improper motive for Defendants' late filing. Furthermore, Plaintiff's prejudice was minimal, if at all, because she was still afforded 7 days after the opposition was filed to file her reply. For these reasons, the Court declines to impose sanctions.

**CONCLUSION**

For the reasons stated above, Plaintiff's motion to remand is GRANTED. Plaintiff's requests for attorneys' fees and sanctions are DENIED. This terminates the case; the Clerk shall remand this action to the Alameda County Superior Court and close the file.

**IT IS SO ORDERED.**

Dated: 07/20/16                                         _____
                                                        THELTON E. HENDERSON
                                                        United States District Judge